**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RUDY ALBERTO
MARROQUIN-MARROQUIN,
Petitioner,

v.                                                                 No. 98-1100

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-115-327)

Submitted: June 16, 1998

Decided: June 30, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark S. Loria, LAW OFFICES OF VALERA & ASSOCIATES,
Falls Church, Virginia, for Petitioner. Frank W. Hunger, Assistant
Attorney General, David V. Bernal, Assistant Director, Mary Jane
Candaux, OFFICE OF IMMIGRATION LITIGATION, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rudy Alberto Marroquin-Marroquin (Marroquin) is a native and citizen of Guatemala living in this country. He petitions for review of a final order of the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of deportation. Because substantial evidence supports the BIA's decision, we affirm.

The Immigration and Nationality Act (INA) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see also M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc). The "well-founded fear of persecution" standard contains both a subjective and an objective component. The objective component requires credible, specific, direct evidence supporting a reasonable fear that the alien faces persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). The standard for withholding of deportation is more stringent than that for granting asylum, and requires an applicant to demonstrate a "clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

We review the BIA's decision for substantial evidence. See Huaman-Cornelio, 979 F.2d at 999. Accordingly, the decision may be "reversed only if the evidence presented by [the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

In his request for asylum and withholding of deportation, Marroquin asserted that he had a well-founded fear of persecution because

2

he believes that he will be killed by guerrillas should he return to Guatemala. Marroquin explains that due to his position as an airline inspector, his uncle, a guerrilla, told him that he could be of value to the guerrillas by interfering with weapons shipments. Beginning in September 1991, Marroquin also received several letters and phone messages from the guerrillas. These communications attempted to persuade Marroquin to join the guerrilla movement by threatening his life. The threats continued for a year and a half despite Marroquin's resignation from his position and his move to another city. Marroquin thus decided to leave Guatemala and come to the United States in March 1993. Since his arrival, he has learned that a friend who ignored similar threats and remained in Guatemala was killed by the guerrillas. He thus contends that he has a well-founded fear that should he return to Guatemala, he will be killed for his refusal to join.

Marroquin's case bears remarkable similarity to Elias-Zacarias. In Elias-Zacarias, two armed, uniformed guerrillas entered the applicant's home and asked the applicant and his parents to join with them. When they refused, the guerrillas told them that they would be back, and that the three should reconsider their refusal. See id. at 479. The appellate court, reversing the BIA, held that acts of conscription by a nongovernmental group constitute persecution on account of political opinion. Id. at 481.

The Supreme Court disagreed, explaining that to qualify for asylum, the victim's refusal to join the guerrillas must have been based on the victim's political opinion. Id. at 482. Because Elias-Zacarias stated he did not join the guerrillas for fear that the government would retaliate against him and his family, rather than on account of his political opinion, the Supreme Court reversed the appellate court's judgment granting asylum.

Marroquin did not disclose his reason for refusing to join the guerrillas. Thus, the BIA's conclusion that he did not establish a well-founded fear of persecution "on account" of a qualifying ground is supported by substantial evidence. From this determination, it necessarily follows that Marroquin cannot meet the higher standard imposed for those seeking withholding of deportation. See Huaman-Cornelio, 979 F.2d at 1000. Accordingly, we affirm the BIA's order. We dispense with oral argument because the facts and legal conten-

3

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4